**GOVERNMENT OF THE VIRGIN ISLANDS COMMISSIONER OF LABOR, Plaintiff**

v.

**MERCHANT'S MARKET, INC., Defendant**

Civil No. 636-1972

Municipal Court of the Virgin Islands

Div. of St. Thomas and St. John

April 18, 1973

CURTIS E. TATAR, ESQ., St. Thomas, V.I., *for plaintiff*

ROGER L. CAMPBELL, ESQ., St. Thomas, V.I., *for defendant*

HOFFMAN, *Judge*

This matter came on for hearing on March 21, 1973. The plaintiff was represented by Curtis E. Tatar, Deputy Assistant Attorney General and defendant by Roger Campbell, Esq. The facts in issue are not complicated and upon consideration of the evidence I find them to be as follows:

The plaintiff, claiming to be a meatcutter, was certified to the defendant corporation on its request and bonded. From the testimony of both plaintiff's "assignee" (Griffin, the bonded worker of defendant corporation) and defendant, the Court finds that Griffin was not a qualified meatcutter; that his limited experience was as a helper to his brother-in-law in St. Kitts and did not qualify him to do "meatcutting" as required in the Virgin Islands. Defendant never used Griffin as a meatcutter, but instead used him for general work including office work of an unskilled variety . . . this despite its authorized requests to employ Griffin. The plaintiff's complaint contains two counts:

(a) The first requests the difference between the $1.80 per hour which defendant paid Griffin and the $2.25 per hour which Griffin is alleged to be entitled to receive as a certified meatcutter;

(b) the second the difference between the $1.80 per hour which defendant paid Griffin and the $2.30 per hour which he would be entitled to if the Court found him to be a general office clerk.

The calculation of the dollar recovery sought is not contested in either alternative and is as reflected in the computations of witness Hall, Plaintiff's Exhibit No. 8.

The plaintiff's contention is that the defendant is bound to pay plaintiff's assignee either the wage of a meatcutter or a general office clerk. In the first instance, plaintiff maintains that defendant is bound as it hired Griffin as a meatcutter. In the second instance, plaintiff argues that

defendant is bound as Griffin performed the services of a general office clerk.

The only testimony as to the federal qualifications for either job classification is the testimony of the parties and to a minimal further extent the testimony of plaintiff's witness Hall. The plaintiff sought to introduce or to have the Court take judicial notice of a "Dictionary of Official Titles," which, plaintiff alleges, is used by the Manpower Administration in its certification. This the Court refused to do unless plaintiff could establish that the statutory law, which could be judicially noticed, so authorized. Plaintiff was also given the opportunity of offering the testimony of the local Manpower Office as to the status of said dictionary. Plaintiff's attorney, however, could offer no statutory authority which would allow the Court to take judicial notice of said dictionary, and he further advised the Court that the head of the local Manpower Office refused to testify as "it was against the policy of his office." The plaintiff was given the opportunity to subpoena this witness, but indicated a disinclination to do so.

From the testimony adduced the Court finds that plaintiff has failed to establish that his "assignee" functioned as a qualified "meatcutter" or qualified "general office clerk" while employed by defendant corporation. Accordingly, plaintiff is not entitled to the $2.25 or $2.30 per hour wage claimed.

More fundamentally, the Court finds that as a matter of law plaintiff is not entitled to sue herein as assignee under the statute sections it relies on: 24 V.I.C. 17(b), 127(b)(4) and 161(b). While the plaintiff, it would seem, could conceivably prosecute defendant under 24 V.I.C. 135 for any alleged violation, plaintiff has demonstrated no authority in the context of protecting resident workers, under Chapter 6 of Title 24 of the Virgin Islands Code, for an alleged assignment.

The Court has reviewed the memoranda submitted but in view of the findings above does not reach other issues raised by the parties. Accordingly, the Court shall enter judgment dismissing the complaint without costs or attorneys fees.